Filed 11/10/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>                     v.<br><br>WILLIAM DAVENPORT,<br><br>    Defendant and Appellant. | A161954<br><br>(Contra Costa County Super. Ct.<br>No. 50716688) |

    In 2007, appellant William Davenport pled no contest to second degree murder with a firearm enhancement and was sentenced to prison for 18 years to life.  This appeal arises from the denial of Davenport's petition for resentencing pursuant to Penal Code section 1170.95.[1]  By relying on facts stated in the preliminary hearing transcript in the absence of any stipulation from him that the facts supplied a basis for his plea, Davenport contends the trial court erroneously concluded he failed to make a prima facie showing of entitlement to relief.  Seeing merit to the argument, we reverse the order summarily denying Davenport's petition and remand this case for further proceedings.

## I. BACKGROUND

    Davenport was charged by information with murder (§ 187), alleging he committed the murder "unlawfully and with malice aforethought."  The

---

[1] Undesignated statutory references are to the Penal Code.

information included an enhancement for alleged personal and intentional discharge of a firearm causing great bodily injury and death as well as personal and intentional discharge and personal use of a firearm. (§ 12022.53, subds. (b)–(d).)

Davenport pled no contest to second degree murder and a personal use of a firearm enhancement (§ 12022.5, subd. (a)).  On his plea form, Davenport initialed the following two paragraphs as the factual basis for his plea: "32. I have discussed the contents of the police reports and investigative reports with my attorney.  I am satisfied that I know the evidence that could be used against me in trial, as well as any possible defense to these charges. [¶] . . . [¶] 33. I believe and agree that a jury or judge who heard the evidence against me could find me guilty of the charges to which I am pleading guilty/no contest."  The court sentenced Davenport to a term of 15 years to life for second degree murder consecutive to a term of three years for the enhancement.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.).  Senate Bill No. 1437 amended section 189 to limit liability for murder under a felony-murder or natural and probable consequences theory to a person who is the actual killer, has the intent to kill and aids or abets the actual killer, or is a major participant in the underlying felony and acts with reckless indifference to human life.  (Stats. 2018, ch. 1015, §§ 1, 3; see § 189, subd. (e)(1)–(3).)  The bill also established a procedure, under newly enacted section 1170.95, for eligible defendants to petition for resentencing.  (Stats. 2018, ch. 1015, § 4.)

In February 2019, Davenport filed a petition for resentencing under section 1170.95.  The petition alleged Davenport (1) was tried under an information that allowed the prosecution to proceed on a felony-murder

2

theory or under the natural and probable consequences doctrine; (2) pled no contest to second degree murder in lieu of going to trial because he believed he could have been convicted at trial of first degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and (3) could not now be convicted of first or second degree murder under section 188, as revised. Davenport was appointed counsel.

In June 2019, the court summarily denied the petition for failure to state a prima facie case for relief. Davenport appealed the order. (See *People v. Davenport* (June 24, 2020, A158211) [nonpub. opn.].) On appeal, the Attorney General conceded that Davenport's petition was facially sufficient: the assertions, if true, would mean that Davenport was eligible for relief under section 1170.95. (*People v. Davenport, supra*, A158211.) We thus vacated the order and remanded the case for further proceedings. (*Ibid.*)

On remand, the People filed an opposition to the petition, and Davenport filed a reply brief. The court again summarily denied the petition by written order, concluding that Davenport was ineligible for relief as a matter of law. In reaching this conclusion, the court cited (1) Davenport's admission to the firearm enhancement; and (2) facts taken from the preliminary hearing transcript that Davenport had approached a car in which his former girlfriend was sitting with the victim, her new boyfriend, and killed the victim by shooting him at close range. The court explained that it had considered the transcript because "[t]he facts in defendant's preliminary hearing transcript provide the factual basis for his plea, and are part of the record of his conviction."

## II. DISCUSSION

Section 1170.95, subdivision (a) provides that a person convicted of felony murder or murder under a natural and probable consequences theory

3

may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

After a petition for resentencing is filed, the trial court must then determine whether the defendant has made a prima facie showing of entitlement to relief under section 1170.95. (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).) In making this assessment, the trial court "should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*).) The court's authority to summarily deny a petition is thus limited to "readily ascertainable facts" taken from the record of conviction, "rather than factfinding involving the weighing of evidence or the exercise of discretion." (*Id.* at p. 980; accord *Lewis*, at pp. 970–971.)

If the court determines that a prima facie showing has been made, it "shall issue an order to show cause" and "hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subds. (c)–(d)(1).) At the evidentiary hearing, the prosecution bears the

4

burden to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  (*Id.*, subd. (d)(3).)

Here, Davenport contends that the trial court improperly relied on the preliminary hearing transcript in concluding that Davenport had not made a prima facie showing of entitlement to relief.  Specifically, Davenport contends that the preliminary hearing transcript is either (1) not part of the record of conviction; or (2) not appropriate to consider because Davenport never stipulated to the transcript as a factual basis for his plea.  Our review is de novo, as the propriety of the trial court's inquiry under section 1170.95 is a question of statutory interpretation.  (*Lewis*, *supra*, 11 Cal.5th at p. 961.)

We reject Davenport's argument that the preliminary hearing transcript is never part of the record of conviction.  (Cf. *People v. Reed* (1996) 13 Cal.4th 217, 222–223 [trier of fact determining whether a prior conviction constitutes a serious felony under §§ 667(a) and 1192.7(c) may consider a preliminary hearing transcript as part of the prior record of conviction].)  We agree, however, that the trial court erred in considering facts from the preliminary hearing transcript here because Davenport did not stipulate to the transcript as a factual basis for his plea.  (See *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.)  In *Cooper*, the petitioner was convicted of murder by no contest plea, but the particular factual basis for the plea was never established.  (*Id.* at pp. 109–110, 112.)  Before appointing counsel or providing an opportunity for briefing, the trial court summarily denied the petition based on evidence from the preliminary hearing showing that the petitioner committed "appalling acts of violence" against the victim.  (*Id.* at p. 112.)  *Cooper* reversed, concluding the trial court had engaged in "impermissible factfinding" that accepted the truth of the preliminary hearing testimony.  (*Ibid.*)  *Cooper* explained: " '[A]t the

5

preliminary hearing, the magistrate is called upon only to determine whether the factual showing is sufficient to establish probable cause to believe the defendant committed a felony,' a 'fundamentally different factual determination[]' than the determination at trial of guilt beyond a reasonable doubt." (*Id*. at p. 123.) " ' "In short, *the magistrate is not a trier of fact*," ' and a ruling holding a defendant to answer is in no way equivalent to a jury's factual finding or a defendant's admission." (*Id*. at p. 124.) *Cooper* remanded the matter to appoint counsel for the petitioner and conduct further proceedings under section 1170.95. (*Cooper*, at p. 126.)

Like *Cooper*, the record here does not contain any admission or stipulation by Davenport that the evidence at the preliminary hearing established a factual basis for his no contest plea. While unlike the petitioner in *Cooper*, Davenport had appointed counsel and was given an opportunity for briefing, we conclude that the reasoning from *Cooper* applies here. The trial court engaged in "impermissible factfinding" at the prima facie stage by relying on facts taken from the preliminary hearing transcript that were not stipulated to or admitted. (*People v. Cooper*, *supra*, 54 Cal.App.5th at pp. 112, 124, review granted; accord *Lewis*, *supra*, 11 Cal.5th at p. 974.)

The Attorney General's citations to *People v. Nguyen* (2020) 53 Cal.App.5th 1154 and *People v. Perez* (2020) 54 Cal.App.5th 896, review granted December 9, 2020, S265254 (*Perez*), do not persuade us to the contrary. In *Nguyen*, the petitioner stipulated that the preliminary hearing testimony and police reports served as the factual basis for his second degree murder plea. (*Nguyen*, at p. 1161.) The trial court thus found that he was ineligible for resentencing because the preliminary and plea hearing transcripts showed he was convicted of second degree murder "as a direct aider and abettor." (*Id*. at p. 1167.) The facts in *Perez*, admittedly, are not

6

meaningfully distinguishable from this case, since that case too, like this one, involved a situation in which there was no explicit reference to the preliminary hearing testimony, and as a result, like Davenport, appellant Perez claimed he had not stipulated to the preliminary hearing transcript as the factual basis for his plea. (*Perez*, at p. 901.) But we respectfully disagree with the reasoning, and the result reached, in that case.

In *Perez*, the appeal was from a postconviction order summarily denying a petition for resentencing filed under section 1170.95 as to a second degree murder conviction entered after appellant Perez pleaded no contest to second degree murder and admitted the allegation he personally used a dangerous or deadly weapon. (*Perez*, *supra*, 54 Cal.App.5th at p. 899, review granted.) In finding no prima facie case for section 1170.95 relief, the trial court relied on the transcript of his preliminary hearing at which two witnesses testified they saw appellant Perez repeatedly and forcefully strike his wife with a hammer in the back of her head. (*Perez*, at p. 900.) While acknowledging under the *Drayton* rule that it is improper to engage in factfinding at the section 1170.95, subdivision (c) stage of resentencing proceedings (*Perez*, at pp. 903–904), the appellate court nonetheless affirmed, concluding it was proper for the trial court to consider the preliminary hearing transcript in the prima facie case determination and draw adverse inferences from the preliminary hearing testimony so long as nothing was offered in rebuttal, since petitioners always have the opportunity to "present contrary evidence or make an offer of proof of evidence." (*Id.* at p. 906.)

What this overlooks, in our view, is that under the *Drayton* framework the section 1170.95, subdivision (c) inquiry is a test of the petitioner's pleaded allegations, not an inquiry into the truth of those allegations and the credibility of the evidence on which they may rely. (*Drayton*, *supra*,

47 Cal.App.5th at p. 978.)  The exception, for "readily ascertainable facts" in the record of conviction that " ' "refut[e] the allegations made in the petition" ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971), bars a petitioner from pleading things that the record of conviction necessarily establishes are untrue (such as an allegation that he is entitled to resentencing relief for an offense that is not listed in the statute).  (*Drayton*, *supra*, at p. 980.)  If the exception were to be read more broadly, allowing inquiry into the historical facts that may appear in the court's files but that were never admitted by the petitioner as the factual basis for a plea, the exception would swallow the rule and convert the prima facie inquiry into a factual contest, which is reserved for evidentiary hearings at the section 1170.95, subdivision (d) stage.  Because Davenport did not stipulate that the preliminary hearing transcript provided the factual basis for his no contest plea, the transcript does not *conclusively* "refute" his allegations.  In our view, by focusing on what appellant Perez *could* have proffered at the prima facie stage to counter the evidence set forth in the preliminary hearing transcript, the *Perez* court's analysis allocates to petitioners an evidentiary burden that should be on the state (§ 1170.95, subd. (d)(3)), and effectively raises " ' the prima facie bar [that] was intentionally and correctly set very low' " (*Lewis*, *supra*, 11 Cal.5th at p. 972).[2]  We thus conclude that the trial court erred by relying on facts

---

[2] We note in addition that *Perez* relies on *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted March 18, 2020, S260493, for the proposition that the court engages in a "three-step evaluation of a section 1170.95 petition" in which it initially conducts a two-step prima facie review. (*Perez, supra*, 54 Cal.App.5th at p. 903, review granted.)  Within that framework, *Perez* concludes "as part of the second step of the trial court's prima facie review under section 1170.95, subdivision (c), the court may consider the testimony presented at the preliminary hearing, but the petitioner has an opportunity to present contrary evidence or make an offer of

from the preliminary hearing transcript at the prima facie stage of the proceedings.

The Attorney General's additional arguments do not alter our conclusion. First, he argues that "the language of the information makes clear that appellant was charged with malice murder." We disagree. "The allegation that a murder was committed ' "willfully, unlawfully, and with malice aforethought" ' is a well-recognized way of charging murder in [a] generic sense." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 233, review granted June 9, 2021, S268405.) The generic manner for charging murder, however, does "not limit the People to prosecuting [defendant] on any particular theories." (*Ibid.*) "[I]t is well settled that 'only a single statutory offense of murder exists.' . . . Specifically, neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded." (*Ibid.*, quoting *People v. Nakahara* (2003) 30 Cal.4th 705, 712.) Under an analysis dictated by the *Drayton* and *Lewis* framework, nothing in the preliminary hearing transcript *precluded* the prosecution from pursuing a conviction based on a felony-murder theory or the natural and probable consequences doctrine at trial. And as we pointed out above, nothing in the evidence presented at the preliminary hearing conclusively refutes Davenport's allegation that his conviction rests on now prohibited vicarious

---

proof of evidence the petitioner could present at an evidentiary hearing to show he or she is entitled to relief." (*Id.* at p. 906.) In *Lewis*, the Supreme Court rejected *Verdugo*'s three-step approach (*Lewis*, *supra*, 11 Cal.3d at pp. 961–962), holding that section 1170.95, subdivision (c) "clearly describes a single process." (*Lewis*, at p. 962.) *Lewis* therefore obviates the *Perez* court's concern that barring the trial court from considering preliminary hearing testimony in deciding whether to issue an order to show cause "would render meaningless the *second step* of the prima facie review." (*Perez*, *supra*, at p. 906, italics added.)

liability theories at trial. Despite the allegation in the information that Davenport committed murder "with malice aforethought," he still could have been tried on *any* theory of murder. (*People v. Rivera*, *supra*, at p. 233.) This is the essential difficulty of interpreting the meaning of a plea to generic murder in the absence of a stipulation to the exact factual basis for the plea.

Second, the Attorney General argues that there was, in effect, such a stipulation. He points out that Davenport admitted to malice murder by pleading no contest to second degree murder and the personal use of a firearm enhancement. Again, we disagree. "It is undisputed that a conviction of second degree murder does not, in and of itself, bar a petition under section 1170.95." (*People v. Rivera*, *supra*, 62 Cal.App.5th at p. 232, review granted.) "To be sure, 'malice aforethought' is statutorily defined as an element of first and second degree murder. (§§ 187, subd. (a), 189, subd. (b).) But as we have discussed, before Senate Bill No. 1437 malice could be imputed to a defendant under the felony-murder rule or the natural and probable consequences doctrine, meaning that the person did not need to harbor express or implied malice to be convicted of second degree murder." (*Rivera*, at p. 234.) Moreover, Davenport pled no contest to the personal use of a firearm enhancement under section 12022.5, subdivision (a), *not* the charged enhancements under section 12022.53, subdivisions (b)–(d). Davenport's admission to this enhancement did not preclude the possibility of prosecution under a felony-murder theory. (See *Drayton*, *supra*, 47 Cal.App.5th at pp. 969, 981 [where petitioner admitted personal use of firearm enhancement, there were no facts in the record that refuted, as a matter of law, petitioner's assertion that he was convicted on a theory of felony murder].) Accordingly, we cannot conclude that Davenport's no contest plea barred relief under section 1170.95 as a matter of law.

In sum, we conclude that the trial court erred in summarily denying Davenport's petition and not affording him an evidentiary hearing under section 1170.95, subdivision (d)(1).[3]

## III. DISPOSITION

The order denying Davenport's section 1170.95 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and hold an evidentiary hearing on Davenport's petition.

STREETER, Acting P. J.

WE CONCUR:

BROWN, J.
ROSS, J.[*]

---

[3] We express no opinion on whether Davenport's petition will ultimately be granted, as the prosecution may, at the section 1170.95, subdivision (d) hearing that will occur upon remand, rely on the preliminary hearing transcript to sustain its burden of establishing that he is not entitled to relief. (§ 1170.95, subd. (d)(3) [at the hearing after the court issues an order to show cause, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens"].) To the extent the summary denial of section 1170.95 relief in this case reflects the considered view of an experienced trial judge as to what is highly likely to occur at that hearing based on the record as it stands now, we share that view but must apply the statute as written.

[*] Judge of the Superior Court of California, City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court: Contra Costa County Superior Court

Trial Judge: Hon. Theresa J. Canepa

Counsel: Law Office of Steven Schorr and Steven Schorr, by appointment of the Court of Appeal Under the First District Appellate Project's Independent Case System, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Bruce L. Ortega and René A. Chacón, Deputy Attorneys General, for Plaintiff and Respondent.

A161954